UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Bryan Morda and
Angie Morda,

       Debtors

_____/

Case No.: 13-54145-wsd
Chapter 7
Hon. Walter Shapero

## OPINION GRANTING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

On July 23, 2013, the Debtors filed a Chapter 7 petition that did not include on Schedules B or C any past or anticipated income tax refunds. The Trustee filed a Motion to Set Aside Order on Debtors' Application for Waiver of the Chapter 7 Filing Fee, alleging among other things that the Debtors were anticipating a substantial 2013 tax refund that would enable them to pay the filing fee. On October 11, 2013, the Court granted that motion. The Trustee investigated, intercepted, and received the Debtors' 2013 federal, state, and city tax refunds, totaling approximately $7,770.00. On January 23, 2014, the Trustee filed her annual report, stating "Trustee is pursuing tax refund earned pre-petition" and listing a tax refund in the amount of $3,198.16 as the sole non-exempt asset of the estate (that amount apparently representing the pre-petition portion of the total refunds). On March 14, 2014, the Trustee filed a Notice of Assets and on March 19, 2014 filed a Notice to File Proof of Claim Due to Recovery of Assets, with the deadline to file proofs of claim being June 14, 2014. Creditors thereafter timely filed nine proofs of claim, totaling $19,040.53, five of which were filed before April 15, 2014. On April 15, 2014, the Debtors amended their Schedules B and C to respectively include tax refunds in the amount of $8,000 and exempting the same pursuant to 11 U.S.C. § 522(d)(5). The Trustee filed an

objection to the Debtors' claim of exemption arguing that the Debtors' delayed claim of exemption would be prejudicial to creditors, and thus should be denied.

An amended claim of exemption may be disallowed if a debtor acts in bad faith or if the claim of exemption would be prejudicial to creditors. *In re Daniels*, 270 B.R. 417, 425-29 (Bankr. E.D. Mich. 2001); *In re Westry,* 2014 WL 1096614 (E.D. Mich. March 19, 2014). This is a case alleging such prejudice.

> [P]rejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interests of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

*In re Daniels*, 270 B.R. at 426 (quoting *In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)). The Court finds that, by reason of the foregoing facts, the Trustee has established by a preponderance that this case is within the definition of sufficient prejudice to creditors and a material impairment to the Trustee's diligent administration of the estate. The Court thus concludes that the Trustee's objection to the Debtors' claim of exemption should be granted and the Court is contemporaneously entering an order to that effect.

**Signed on July 16, 2014**

                                          **/s/ Walter Shapero**
                                          **Walter Shapero**
                                          **United States Bankruptcy Judge**